This is Tom Christensen, can you? Yes, we can hear you. For some reason on the docket it says DOJ after your name, Mr. Christensen. DOJ? The clerk is. Oh, okay. All right. We just wanted to make sure. Okay. The clerk is disavowing that appellation. All right. I represent the insured, Gary Lewis, in the appeal. And I would like to reserve half of my time. All right. So let's put. Okay. So you want to reserve seven minutes, seven minutes, seven and a half minutes. Yes. All right. Watch your time. All right. Let me cover two broad principles that cover color and shape this controversy. These two are also why it is critical to finally get this right. Principle one, federal courts must give respect for and complete fidelity to state court decisions and legal framework in diversity of citizenship jurisdiction. The U.S. Supreme Court has stated in Humana, Inc. Versus Foresight that Nevada principally relies on private claims like this one to regulate and control the conduct of insurers in the state of Nevada. The quote from Foresight is Nevada provides both statutory and common law remedies to check insurance fraud. Principle two, jurisdiction must be examined by all courts. And if found to be lacking, no decision on the merits is made or can be made. If jurisdiction exists, however, a court has no choice. A decision on the merits must be made. It is perhaps more improper for a court to avoid its decisional role when jurisdiction exists. With these principles guiding us, let's look at today's issues. This case is vital to the continuing execution of Nevada's regulation of insurance company conduct. Nevada says that an insurance company that chooses not to defend their insured, quote, does so at its peril, close quote. And that's from Century Surety Company versus Andrew, a certified question that arose from a, on all fours, similar situation decided the opposite of Judge Jones by Judge Gordon in the Nevada District Courts. We're here on a Rule 60B ruling, correct? Correct. All right, so it would be helpful to me if you discussed why or why not the Okay. Let me skip down the Yeah, you don't have to. We don't have your prepared remarks in front of us, so we can't skip down. Why don't you just answer Judge Rawlinson's question? I'm going to. Okay. So Judge Jones below in ruling on the Rule 60B motion exercised his discretion and found the motion to be timely by considering it. And he also found that the Century Surety change in the law that I was reading from up above rendered his 2013 decision wrong. He found both, he made both of those rulings below. But he said, he said, look, now that I have Century Surety, I understand that I was incorrect in saying that the limits of liability in this, what I would call bad faith action, are policy limits. You can recover more. But I also understand, because the Supreme Court of Nevada told me this, that once there is no longer any liability on the default judgment because it expired, the plaintiff can no longer maintain a suit for those bad faith damages. So you don't want us to affirm him. You want us to reverse him. So tell us why he was wrong in reading the Nevada Supreme Court's express answers to our two questions that way. And that's, that is, both of these decisions were proper. He did find that the Century Surety changed the law. Did it change the law? That's my question. We asked the Nevada Supreme Court what the law was. They didn't say, oh, it's been different up till now. I mean, but now we're making up new law that's going to be prospective or take away somebody's rights. We asked the Nevada Supreme Court whether or not the expiration of the default judgment meant that the suit could no longer proceed, and they said, that's right, it can no longer proceed. So I don't care whether Judge Jones called it a change in the law or whatever. Aren't we bound by that ruling from the Nevada Supreme Court with respect to whether you can maintain a bad faith action? Yes, you're bound by that ruling, but that's not the ruling that the Nevada Supreme Court gave. I'll read from. No, but tell me what, tell me, you don't, I know what they said with respect to the limits of liability. Tell me what they said with respect to the ability to maintain a, your lawsuit after the expiration of the default judgment. I apologize because I'm having trouble pulling it up. Well, as I read it, they said quite clearly, no. Once the default, once the default judgment is gone and nobody faces any, any peril of having to pay on the judgment, the bad faith suit can no longer be maintained. They may have said it in different words, but I think that's what they said, no? No, that's not what they said. And here's what they said. First of all, at page six of the Nevada Supreme Court ruling on the certified questions, the Nevada Supreme Court went through the fact that they weren't going to consider the tolling issues and the other judgments that were already in effect at that time. And they said, based on what is before this court on the certified question presented, which is the assumption that the judgment had expired while the suit was pending against UAIC. And then their ruling, which is the last paragraph, page seven of their thing, of the order says in an action against an insurer for breach of the duty to defend it's insured, a plaintiff cannot continue to seek consequential damages in the amount of a default judgment against the insured. When the judgment against the insured was not renewed and the time for doing so expired while the action against the insurer was pending. And that's this case, that's this case, is it not? No, it's not. What part of what? The judgment, the judgment didn't expire. Well, first of all, it's only the amount of the default judgment that can't be recovered. If if the judgment as opposed to other consequential damages from the entry of the default of judgment, default judgment. But there are no other. There are no other damages in this case other than the default judgment. That's not true. This and that's part of the reason that this is a difficult situation to get a hold of, because this is all up in front of the appellate courts. Having never had a decision or a trial on the merits of the case. So all of this stuff. In fact, the motion for summary judgment that resulted in the second appeal was a motion for partial summary judgment by Lewis to hold that the judgment was the minimum amount and that the other consequential damages to the breaches would be for the jury to determine at a trial. What do you do with our what do you do with our second decision in this case? In other words, whatever you think the first decision decided, and I'm not sure I agree with you about your reading of it. You then came back to us and said, I've got a bunch of new stuff here. I've got tolling agreements. I've got other judgments. I've got things that mean this didn't expire. And we said, you've waived all those arguments in this court. It seems to me you're making all those arguments again in this court. And and that's that's a curious situation, because you AIC has the opportunity to bring up what we argued to the Ninth Circuit was a a discreet one item of damage issue as a as a jurisdictional lack of standing issue. So let me just ask the Supreme Court did not agree with that and did not give the Ninth Circuit the power to say there are no other damages that could possibly be here in this case. In fact. That Ninth Circuit decision, and I'm not trying to overrule the Ninth Circuit decision, as I explained before, because it doesn't have to. Because this decision by the Nevada Supreme Court does not prevent the rule 60 B decision. Can you can you and can you explain to me what you did in state court? Not the certification question, but the subsequent or contemporaneous proceedings in state court. I'm having trouble sorting that out. Tell me what happened. Well, that's that. And that's because of the. I'm not asking why it was because of. I'm asking what what did you ask the state court to do? They obviously turned you down. So tell me what happened there. No, that's not true. I didn't ask the state court to do anything. Well, somebody, somebody, somebody attempted to. As a result of UAC's actions. Ask the state court judge to enforce her judgment against Lewis. Right. And the judge refused. No, the judge did it. Then two cases in 2018. This this to the Ninth Circuit and the Ninth Circuit disregarded. And they were also supplied to. Well, so if the state court is willing to enforce the judgment, which is not, I think, what happened. But maybe I'm wrong about that. Why are you here at all? If the state court will enforce your judgment. God bless you. What do you need from us? That's a judgment. It's not my judgment. It's another's judgments against my client, Lewis. I understand if the state. But it's really your judgment now because. Yeah, it's it's your judgment because. OK, but stop for a second. Are you telling me that you have an enforceable judgment in state court? Yes, to two. And the state courts are willing to enforce them. Yes. OK, so why are you here? Because that's enforcing them against Lewis. No, they're against Lewis. Aha. Aha. Not against the insurance company, correct? They don't have an action against the insurance company.   So you have an enforceable judgment against Lewis, which I assume having dealt with these issues in the past, you've agreed not to enforce in order to get the assignment? No. Well, Lewis doesn't have any money, huh? That's right. OK, that's how these cases are. And that's how the and to disregard that is to disregard federal state. OK, now I understand what you did in state court. Thank you. You want to say the balance of your time for rebuttal? Yes, please. Thank you. All right, thank you. Good morning. Abe Smith for Appley United Automobile Insurance Company. May it please the Court. This Court, two and a half years ago, declared an end to this case. The Court dismissed the appeal from the 2013 judgment because Lewis no longer had an injury. The complaint in this case was based on a 2008 default judgment, but that judgment against him had expired, so it wasn't a consequential damage of UAIC's failure to defend. And this Court reached this disposition based on, one, appellant's binding waiver of any factual disputes over the expiration of the judgment, and, two, the Nevada Supreme Court's answers to certified questions resolving the legal disputes. It was not based on an assumption that the statute of limitations or, as we think, the statutory expiration of the judgment under NRS 17.214. It wasn't an assumption. It was a waiver. There was no factual issue raised as to the expiration of the judgment when we filed our motion to dismiss the appeal. And that's why it went to the Nevada Supreme Court on certified questions, because it presented a pure legal issue. This Court then actually applied the Nevada Supreme Court's answers to certified questions in this case and did not remand because the intent was to finally dispose of the case. Instead, this Court simply issued the mandate, leaving the long-satisfied 2013 judgment intact. Nalder and Lewis have challenged this disposition up and down the federal judiciary and in Nevada State Court. So does he have an enforceable judgment? Does Mr. Nalder have an enforceable judgment against Mr. Lewis? No. No. I believe what my friend on the other side is referring to is, after this Court certified the second question to the Nevada Supreme Court, the Nevada Supreme Court accepted that question, Nalder went into state court to amend the judgment. And when I say Nalder, it was the judgment. Sure. I understand that people are asking these here and standing in other people's shoes. Right. So it was just a mere substitution of the guardian ad litem for Ms. Nalder herself, who then by then reached the age of majority. And it was an ex parte motion, so there was no, you know, there was no argument or litigation of the issue of whether any tolling doctrines applied. And that judgment has never been executed upon. And it's the same expired judgment, just with a new plaintiff. The only judgment we have... But what did the state, your friend says the state court found that it wasn't forcible against Lewis. Absolutely not. And that's why in our request for judicial notice, we've updated the court. Now, this happened after Judge Jones's denial of the 60B motion. But Judge Beresich in state court granted our motion for summary judgment in the 2018 action upon the judgment, which they filed after. And was that action upon the judgment against your client in addition to... So it was Nalder against... In addition to Lewis. Right. So it was Nalder against Lewis. So that was the action on the judgment. And then Lewis filed a third party complaint against UAC. UAC. So both, but in the district court addressed both issues. She said, number one, Lewis is not liable to Nalder. And number two, UAC is not liable to Lewis because there is no liability vis-a-vis. And there was no appeal from that? That appeal is pending before the Nevada Supreme Court. So should we wait in this one until that appeal's over? No. The whole point of the... We think that the whole exercise in filing a new action upon the judgment after this court and the Nevada Supreme Court had already determined that the judgment expired and there were no consequential damages is an empty exercise. But what if the Nevada Supreme Court says, oh, we've now thought about it and you can sue on the judgment? That would be, but that would still be under the action, the 2018 action on the judgment. Right. But not under the previous one. Right. And that would be a new, again, I think it's very unlikely, but that would be a new judgment in that new case. It wouldn't be the 2008, it wouldn't be the 2008 judgment that's the basis of this new one. So I guess what you're saying is whatever the Nevada Supreme Court does in that, it doesn't affect... Correct. This case. Correct. Is there anything before us now that was not considered in the 2020 decision? Yes. And let me answer that in two parts. One is actually a no because there were tolling arguments that were raised not in response to our motion to dismiss the prior appeal. But subsequent to. But subsequent, and that's where this court found the waiver. So they were raised but belatedly, and so this court found a waiver. The second issue that is new to this appeal or new to the 60B motion was the due process argument that somehow the judgment is void under Rule 60B4 because appellants didn't have notice that the district court was going to enter a judgment for the policy limits instead of a judgment for the entire amount of the default judgment. But we on appeal and the Nevada Supreme Court the first time through cured that problem in effect by saying... It doesn't matter. It doesn't matter. You can get more than policy limits, but just not in this case. Right. So in the application, it turned out to be irrelevant. And besides which, there was no due process violation. It was if you read the transcript starting at page 308 of the excerpts of record, it's clear Judge Jones is signaling that he has this question whether or not there can be damages. He decided it wrong, apparently. We now know because the Nevada Supreme Court told us that, but his deciding it wrong is not a due process violation. We can fix that. Correct. In a case in which there was still a live controversy. Correct. And besides, I don't really understand that the remedy for vacating a judgment as void would not be to instate a new judgment in the amount of the entire default judgment. So those are the two issues that were raised in this appeal. You've got the change in the law under century surety, but again, the Nevada Supreme Court already decided that in the application, century surety did not require the default judgment to be assessed as damages in this case. In fact, there was no injury. And then the due process issue, which we've already addressed. I could go through all of the issues individually, but if you have particular questions, I'm happy to address them. I don't have it. It appears not. Judge Lynn, do you have any questions? No. I'm fine. Thank you. All right. I'll leave it there. Thank you, Your Honor. Thank you. You're on mute. You're still muted. I've got it now. Can you hear me? Yes. I'll start with your first question, Judge Lynn. Which was what is different in now as opposed to what was not considered in 2020. What was specifically not considered by the decision of the Ninth Circuit in 2020 are the two judgments. And it's not just one in Nevada. There's one in Nevada entered in 2018, and it was properly entered by the court. Nobody set it aside other than another district court judge has thought that she has authority to set it aside. But that has not been set aside. It's not in question. It's a signed judgment by the state courts of Nevada that has been entered into the record in this case. But why is that relevant? Why is that relevant to us? You can either enforce that judgment or you can't. The issue in front of us was whether you could enforce a default judgment entered in years before. So perhaps you can enforce that judgment, and perhaps the Nevada Supreme Court will agree with you that the district judges botched it. But what does that have to do with this case? Because the issue on the Rule 60 motion was to set aside the judgment based on the ruling by the Nevada Supreme Court on the issues. And that judge, Judge Jones, decided he didn't have jurisdiction based on the Ninth Circuit. No, you're confusing Article 3 jurisdiction with whether or not somebody states a claim in a case. And judges are sloppy about this sometimes. But when we say somebody doesn't have standing to claim something in a case where he hasn't been injured, that isn't an Article 3 jurisdiction issue. That's just a way of saying you lose on the merits. So Judge Jones had Article 3 jurisdiction under diversity. There isn't any doubt about that in this case. And he also had – and Lewis also had standing in front of Judge Jones by virtue of these two judgments that he had against him. He had Article 3 standing, and then we get down to the issue of whether or not – not everybody with Article 3 standing wins. And so losing doesn't remove your Article 3 standing. It just removes your claim. But the decision by the Ninth Circuit was there was no jurisdiction because we aren't considering these two judgments in California and Nevada. And the Nevada judgment that is improper to look at, I submit, doesn't do anything to the California judgment. But aren't those two separate cases from the case before us? No. No more than the original underlying judgment was a separate case from the case before you. They are items of damage that Lewis has suffered at the hands of UAIC, and those can't be ignored by the trial court. Even though they were ignored, I think, improperly by the Ninth Circuit, but they can't be ignored by the trial court because they were put in the record of the trial court. All right. Thank you, counsel. Thank you to both counsel. The case just argued is submitted for decision by the court. That completes our calendar for the day and for the week. We are adjourned.
judges: Linn, RAWLINSON, HURWITZ